# CHARLESTON

## Wamsley v. Ward.

Submitted June 15, 1906.   Decided December 11, 1906.

1. Assignments—*Order on Particular Fund—Action on Order—Acceptance.*

    Where an order is drawn for a certain sum to be paid out of a particular fund, and the amount of the order is not equal to the entire fund, no action at law can be maintained thereon by the payee against the drawee, if he has not consented to or accepted the order. (p. 66.)

2. Same—*Equitable Assignment—Enforcement in Equity.*

    Such an order operates as an equitable assignment of such fund or debt *pro tanto*, and while a court of law will not so recognize it by permitting an action to be maintained thereon, yet a court of equity will recognize and enforce it. (p. 66.)

Error to Circuit Court, Randolph County.

Action by E. D. Wamsley against Lina A. Ward. Judgment for defendant, and plaintiff brings error.

*Reversed. Judgment for Plaintiff.*

W. B. MAXWELL, for plaintiff in error.

TALBOTT & HOOVER, for defendant in error.

SANDERS, JUDGE:

This is a writ of error to a judgment of the circuit court of Randolph county, rendered in an action wherein E. D. Wamsley was plaintiff and Lina A. Ward was defendant. The plaintiff filed with his declaration an affidavit, claiming the sum of three hundred and fifty-two dollars and eleven cents to be due to him from the defendant. The defendant, over the objection of the plaintiff, was permitted to plead an offset of three hundred and eighty dollars, which plea was verified by affidavit, and upon which issue was joined. On the trial, after all the testimony had been introduced, the plaintiff demurred to the evidence. Thereupon the jury returned an alternative verdict, finding the sum of three hundred and seventy-six dollars for the plaintiff if the law upon the demurrer be for him, and if not, then finding for the defendant in the sum of forty dollars and eighty cents. The judgment upon the demurrer was for the defendant.

The plaintiff assigns two grounds for reversal: First, because Minerva Wamsley, as administratrix of the estate of J. S. Wamsley, deceased, had no right to assign the assets in her hands to be administered; and, second, because the plaintiff was indebted by open account to the said Minerva Wamsley as such personal representative in an amount largely in excess of the amount of the order hereinafter referred to, and that an assignment of a part only of such fund, without his consent, or acceptance of the order, could not be enforced in a court of law. We will not dispose of the first ground assigned. It is unnecessary to do so, because a disposition of the second assignment is conclusive of the case. It appears from the pleadings, and also from the evidence, that the set-off relied upon is an order drawn by Minerva Wamsley, administratrix, on the plaintiff, and in favor of the defendant, for the sum of three hundred and eighty dollars, and that the plaintiff, at the time of the giving of the order, and filing of the plea, was indebted to Minerva Wamsley, administratrix, in a sum largely in excess of the amount of the order. It does not appear that the plaintiff assented to the giving of the order, nor

does it appear that there was ever any acceptance of it by him. It will be seen that the order was drawn for a part only of the indebtedness owing from the plaintiff to Minerva Wamsley, administratrix, and this being so, the question arises as to whether or not an action at law can be maintained for the recovery of a partial assignment of a debt. The order referred to operated as an equitable assignment of the fund *pro tanto*, not only as regards the drawer and payee, but also as regards the drawee, though the order be not assented to or accepted by him. While it is universally held that an order given to a party directing the payment of the whole of a particular fund operates as an equitable assignment thereof, and that the payee may maintain an action at law thereon, yet if the order is given for a part of a particular fund, and while it operates as an equitable assignment, it is equally as well settled that it cannot form the basis of an action at law. Some courts hold that when an order is given for a part of a fund only that it does not even operate as an equitable assignment *pro tanto*, and if not accepted or assented to, is entirely inoperative. This, however, is contrary to the rule which prevails in this State. Our courts hold that while courts of law will in no manner recognize such partial assignments or orders as equitable assignments, yet a court of equity will recognize and enforce them. The case of *First National Bank* v. *Kimberlands*, 16 W. Va. 588, is absolutely controlling of the case here. That case is well considered; and lays down the rule which we have applied with clearness and precision, and cites numerous authorities for its support.

The judgment of the circuit court is reversed, and judgment entered for the plaintiff, but without prejudice to the right of the defendant to institute such proceeding as she may be advised is proper for the recovery of her claim relied upon as an off-set in this action.

*Reversed.    Judgment for Plaintiff.*