# CHARLESTON

### SMITH v. DAVIS *et al.*

Submitted June 12, 1911.  Decided November 19, 1912.

1. SUBROGATION—*Rights of Surety—Payment of Judgment.*

   As to a surety who is compelled to pay a judgment against the principal, equity will consider the debt as still existing for his benefit and will subrogate him to all the rights and remedies of the original creditor under the judgment.  (p. 317).

2. SAME—*Rights of Surety—Enforcement of Judgment.*

   A surety, who by payment of the debt is subrogated to the rights and remedies of the original creditor under a judgment, may enforce the same against real estate owned by the judgment debtor at the time of subrogation or thereafter acquired by him.  (p. 317).

3. SAME.

   Where one is subrogated to the rights and remedies of another under a judgment he may enforce the judgment to the same extent and within the same time that the original creditor could have enforced it.  (p. 319).

4. LIMITATION OF ACTIONS—*Limitation Applicable—Action by One Subrogated to Another's Rights.*

   The period of limitation as to the rights of a subrogee of a judgment is that which was applicable to the judgment in the hands of the original creditor.  (p. 320).

Appeal from Circuit Court, Doddridge County.

Bill by Johnson B. Smith against Franklin M. Davis and others.  Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*W. S. Stuart* and *H. L. Hammond,* for appellant.

*Chapman & Farr,* for appellees.

ROBINSON, JUDGE:

Briefly stated, the case is as follows: Smith and others were sureties of Davis on a note to Maxwell. Davis did not pay the note, and Maxwell recovered judgment on it against the principal and sureties. This judgment the sureties were compelled to pay, because Davis had no property. About nine years after the date of the judgment, Davis acquired real estate. Then Smith brought this suit in equity, claiming subrogation as to the Maxwell judgment, and asking that it be enforced against the property for the satisfaction of the amount paid by him as surety. As parties to the suit he brought in the debtor, the co-sureties, the original judgment creditor, and holders of other liens on the property. On demurrer, the bill was dismissed. Plaintiff has appealed.

If plaintiff may by subrogation enforce the Maxwell judgment as a lien on the land acquired by Davis, the suit is properly instituted. The proper parties are brought before the court. *Hoffman* v. *Shields,* 4 W. Va. 490. The bill is in every way sufficient if the right sought to be enforced by it belongs to plaintiff. Does that right belong to him? The case really narrows itself to this question.

It is established law that where a surety is compelled to pay a judgment against the principal, the surety is entitled to be subrogated to all the rights under the judgment. But in this case appellee submits that since Davis owned no land at the time the sureties paid the debt, the judgment can not avail the sureties as to property thereafter acquired by Davis. It is insisted that a surety who is compelled to pay a judgment against his principal is subrogated to no rights under the judgment unless it has already attached as a lien on land when the surety pays.

The doctrine of subrogation has a much wider scope than that to which appellee would restrict it. By it equity, not from considerations of contract, but out of natural justice, gives to one the place of another. "It is a legal fiction, by force of which an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who is thus substituted to the rights, remedies, and securities of another. The party who is subrogated is regarded as entitled to the same rights, and indeed as constituting one and the same

person with the creditor whom he succeeds." Sheldon on Subrogation, sec. 2. Though Smith and others as sureties of Davis paid the judgment for him, equity treats the judgment as still existing for their benefit and gives them everything in relation to it that Maxwell had. Now, what did Maxwell have by reason of his judgment against Davis? Clearly, whatever he could claim or get by the judgment those who are subrogated to his rights therein can likewise claim or get. Maxwell's rights by the judgment were not confined merely to a particular time during the life of the judgment. His rights under the judgment were co-existent with its life. As to real estate, the judgment in the hands of Maxwell would become a lien on any owned by Davis at the time it was taken or any acquired by him as long as it was kept alive. By the statute the judgment was good for Maxwell as a lien on all real estate to which the judgment debtor was "possessed or entitled at or after the date of the judgment." Code 1906, ch. 139, sec. 5. It is equally as good for those who are subrogated to Maxwell's rights. Maxwell could enforce it as a lien on after acquired property. So may those who by the equitable doctrine of subrogation stand in his shoes. Subrogation does not always merely give over existing liens or securities. It may give over rights and remedies as well. One right which Maxwell had in the judgment was to enforce it against real estate acquired by Davis after the date of the judgment. The sureties, as subrogees, took over that right. Equity recognizes it in them, because simple justice concedes it to them. Maxwell had a remedy for the collection of the debt by holding the judgment to reach any real estate that Davis might acquire. The subrogees have the same remedy for the collection of the debt, which equity, for their benefit, still considers unpaid. "The subrogee is, in general, entitled to stand in the shoes of the creditor, and to enforce every right which the creditor himself could have enforced, so far as necessary to secure reimbursement or contribution. This includes the right to enforce the principal obligation itself, even though it be discharged at law, and to claim all the incidents of such obligation." 6 Pomeroy's Eq. Jur., sec. 924.

That the sureties of Davis have no right to hold and enforce the Maxwell judgment as to after acquired property is not tenable. Again we say, whatever Maxwell could do with the judgment, the subrogees may do. To hold otherwise would not ac-

cord with that natural reason and justice which alone gives rise to subrogation. Long ago the right of subrogation that we find here was recognized in a decision binding on us, wherein it was held: "A surety in a forfeited forthcoming bond is a surety for the debt; and when he pays it as such surety, he is entitled to all the rights of the creditor against the original debtor, subsisting at the time he became bound for the debt: And the judgment, for the benefit of the surety so paying, is not extinguished but transferred with all its obligatory force against the principal, and constitutes a legal lien upon his real estate owned at the date of the judgment or afterwards acquired." *Hill* v. *Manser*, 11 Grat. 522.

In the hands of Maxwell the judgment would stand enforceable against any real estate of Davis for at least ten years. We hold that as to the subrogees it was enforceable for a like period. The argument is made that as to the sureties the statute of limitations is five years—the time in which they could sue the principal for the money paid on his account by them. That time had expired before they sought their remedy in equity as subrogees. But we have a question here, not of the right to sue for money paid out, but of the right to be subrogated to rights and remedies under a judgment. Those rights and remedies for the original holder of the judgment would exist for ten years. Why do they not avail for the same length of time for those who stand in his shoes? Can we narrow the remedy in regard to the statute of limitations If we do, we do not place the sureties wholly in the shoes of the original creditor. We take from them something held by the original party, all of whose rights they are entitled to take over. Plainly they are also substituted to the right to enforce the judgment within ten years. That period of limitation is an incident of the judgment—an incident which the sureties get with the judgment by subrogation. It pertains to the remedy given them in the place of the original creditor. They get it because he had it.

The right to sue the debtor at law is another thing. That is merely another right or remedy the sureties have against him for the money paid on his behalf. It is a legal right or remedy. But it is quite separate and distinct from their equitable right or remedy by subrogation under the judgment. 3 Minor's Inst. (2nd ed.) 429.

It is true some courts have held that the statute of limitations applicable to an action by the surety against the principal debtor for the money paid applies to the right of the surety in subrogation. But how in good reason can one have relation to the other? One rests on an implied promise; the other rests merely on natural justice and equity wholly apart from contractual basis. We adopt that which an eminent authority says on this subject: "It seems that the period of limitation applicable to the obligation in the hands of the creditor should apply also to an action by the subrogee, although this is not generally recognized. Some cases hold that the right to subrogation is based on an implied promise, and is barred at the expiration of the period allowed for action of *assumpsit*. This seems to be upon the theory that the right to subrogation is merely incident to the right to reimbursement, and so should perish with the direct action for reimbursement. This view seems confusing, for in many cases of subrogation there can be no simple action for reimbursement at all. It seems better, therefore, to recognize two distinct rights in the subrogee, one to sue for simple reimbursement, and the other to enforce the creditor's right, so far as necessary, and, in choosing the latter, to use the period of limitation applicable thereto." 6 Pomeroy's Eq. Jur., sec. 924.

The circuit court erred in dismissing the bill. The decree will be reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*