## · CHARLESTON.

### Charles D. Nestor v. J. P. Burns.

Submitted February 10, 1920.   Decided February 17, 1920.

Partnership—*Partner After Accounting Can Sue at Law to Recover Part of Debt Assigned to Him.*

> Where in the division of the assets of a partnership there is transferred to each member an aliquot part of a debt due such partnership, and the debtor upon being advised thereof agrees to pay each partner the amount so assigned to him, each of the partners may thereafter maintain a suit at law to recover such part so assigned to him.

Error to Circuit Court, Tucker County.

Action by Charles D. Nestor against J. P. Burns. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. W. Harman,* for plaintiff in error.

*A. Jay Valentine* and *Chas. D. Smith,* for defendant in error.

Ritz, Judge:

The basis of this suit is a claim asserted by the plaintiff against the defendant for certain labor performed for him, and also a claim for one-third of the amount of a debt which it is claimed the defendant owed to a partnership composed of the plaintiff and two other persons. Upon the trial of the case the plaintiff had judgment for both of the items above referred to, to review which this writ of error is prosecuted.

There is no controversy as to the item for services rendered the defendant by the plaintiff, but it is contended that the other item for an aliquot part of the amount due by the defendant to the partnership composed of three persons, of which the plaintiff was one, cannot be recovered in this action, upon the ground that it is a joint liability of the defendant to the partnership, and that to subject him to the liability of suits by each member of the partnersrip for an aliquot part of it would embarrass him unduly, and compel him to make defense to three actions, when he never contemplated such a condition at the time he incurred

the liability. This would be entirely true. Ordinarily the individual members of a partnership cannot sue to recover a debt due the firm. Suit must be brought by the partnership, or by the surviving partners in case some of them are dead. It appears in this case, however, that after the liability was incurred by the defendant to the partnership the partners had a settlement of their affairs, in which it was agreed that each partner should have as a part of his share of the social assets one-third of the amount due the partnership by the defendant. This was in effect an assignment to each partner by the partnership of a part of the debt due it, and conferred upon each individual the equitable ownership of such aliquot part. This would not, however, entitle any one of the individuals composing the firm to maintain a suit at law for the recovery of the part so assigned to him. Equity alone would have jurisdiction, unless the debtor asented to the division of the debt, and agreed to pay each of the partners. *Wamsley* v. *Ward,* 61 W. Va. 65; *Dudley* v. *Barrett,* 66 W. Va. 363. This is just what the plaintiff contends the defendant did. He swears that a short time before the institution of this suit he and the other two members of the firm divided the partnership assets, and in this division one-third of this debt was transferred to each of the partners; that immediately thereafter they called upon the defendant and informed him of this division of the indebtedness due by him to the firm, and that he promised to pay each of the parties the amount due, and it is upon this new contract that this suit is based. It is true the defendant denies that he ever made such a promise, but the plaintiff swears that he did, and in fact it is proved by one of the other partners that he actually did pay him his one-third. The court below, to whom the case was submitted for determination in lieu of a jury, found for the plaintiff, and this finding carries with it the decision of that question in favor of the plaintiff's contention. We think the evidence justified the conclusion to which the court came on this point. By the act of the parties in dividing this debt among them, and the agreement of the defendant to pay each of them the amount so apportioned, he became liable to each of the partners for that amount in lieu of the joint liability which had theretofore existed.

It is further insisted that this suit cannot be maintained for the reason that sometime ago, and long before the settlement of the partnership and the division of its assets, the partnership brought a suit in equity against the defendant and others to enjoin the transfer by him of certain lumber and other materials which were the subject-matter out of which the indebtedness grew, and to collect the partnership indebtedness. This suit, it appears, was allowed to drag along and no final decree was ever taken in it. Long after it was brought, however, and while it was still pending, the partnership settlement above referred to was made, and the agreement of the defendant to pay each of the partners the amounts so assigned to them as aforesaid. This new agreement took the place of the former contracts of the parties, and there is no reason why this suit cannot be prosecuted upon the new agreement. The defendant urges that he has equitable sets-off to the claim made against him. If this is true he could have refused to submit to the division of this claim into three parts. It is shown by one of the partners that he paid him off in full, and at that time expressed an opinion to the effect that he did not care whether the other two partners ever got their share or not. We do not think under these circumstances that the pendency of the chancery suit above referred to is any bar to this suit upon the new promise of the defendant to the plaintiff.

Finding no error in the judgment complained of we affirm the same.

*Affirmed.*