# CHARLESTON.

## J. F. ROTHWELL v. J. B. BRICE AND R. HIGGINS, *Partners, etc.*

### Submitted Sept. 18, 1923.   Decided Sept. 25, 1923.

1. SUBROGATION—*Creditor Secured by Deed of Trust Valid as Between the Parties not Entitled to Subrogation to Prior Trust on Same .Property to Secure Debt to Another Creditor.*

   Where a creditor is secured in the payment of his debt by deed of trust on personal property of a corporation, the acknowledgment of which is defective, though duly recorded, and which deed is valid as between the parties, equity will not entertain his bill asking to be subrogated to a prior trust deed on the same property to secure the same debt to another creditor, which the plaintiff in the bill has paid and for which payment the second trust deed was executed; the rights of no other person having intervened. (p. 469).

2. SAME—*Creditor Without Right of Subrogation to Claim of Debtor Against Another Person Arising Out of Transaction With Which Creditor Stranger, Because his Debtor Insolvent.*

   A creditor has no right of subrogation to the claim of his debtor against another person arising out of a transaction with which he (the creditor) was a stranger, simply because his debtor is insolvent; and equity will not entertain a bill for that purpose. (p. 471).

3. EQUITY—*Where Plaintiff has two Claims Against Two Defendants, and Full Remedy at Law, Demurrer to Bill Should be Sustained.*

   Where it is apparent from the averments of a bill that plaintiff has two claims, one against each of two defendants, and that he has a full, complete and adequate remedy at law against each of them; and that the averments of equitable jurisdiction are merely colorable, a demurrer to the bill should be sustained. (p. 471).

Case Certified from Circuit Court, Raleigh County.

Suit by J. F. Rothwell against J. B. Brice and another, partners, etc. A demurrer to the bill was overruled, and question arising thereunder certified for review.

*Reversed.*

*J. W. Maxwell and Carl C. Sanders, for plaintiff.*

*McGinnis & McGinnis, and A. A. Lilly, B. J. Pettigrew, Guy Hartley and J. Raymond Gordon, for defendants.*

LIVELY, JUDGE:

Demurrer to the bill was overruled and the action of the court in so doing is certified for review. Can plaintiff assert his claim in a court of equity? This is the sole question presented.

Rothwell, the plaintiff, contends that Higgins Construction Company owes him a debt of at least $2940; and that the county court, also a defendant, owes him the sum of $3,468; and the object of his bill is to collect these amounts from the respective debtors. It appears from the bill that his two claims above set out arise in this way: J. B. Brice and R. Higgins, as a partnership, afterwards incorporated, contracted with the county court of Raleigh county for the construction of about four and a half miles of county road known as the Surveyor-Eccles road, the estimated cost of construction being $49,777.50, and gave bond for the faithful performance of the terms of the contract; to assist them in carrying out the contract the county court advanced them the sum of $7,600 for the purchase of a steam shovel to be used in the work, and took a deed of trust lien on the steam shovel for repayment of the amount advanced; and it was agreed that 30% of the estimates of the amounts due the contractors as the work progressed should be set aside as a fund to extinguish the $7,600 advanced. Subsequently, plaintiff took over from the Higgins Construction Company, a corporation, successor to J. B. Brice and R. Higgins, a part of the road from a point thereon designated as station 140 to station Zero, at or near Covey's store, by agreement and consent of the county court. The money to become due the plaintiff by reason of the construction of the part of the road taken over by him was to be paid direct to him from the county court. However, it was agreed that 30% of the sums due

on his estimates should be retained by the county court for the purpose of liquidating its debt of $7,600 advanced to Brice and Higgins for the steam shovel; that 5 cents per cubic yard of earth excavated, 20 cents per lineal foot for tiling and 25 cents per cubic yard of stone would be set aside and be allowed to the Higgins Construction Company in discharge of its debt to the county court for the steam shovel; and that the difference between the amount so set aside to the construction company for earth excavation, tiling and cubic yard of stone and the sum paid by him, plaintiff, to the county court (the 30% of the estimates), would be secured to plaintiff by Higginis Construction Company by a second deed of trust upon the steam shovel. This deed of trust was given, but the acknowledgment is claimed to be defective. Plaintiff says he carried out his contract and that the difference between the 30% of his estimates paid to the county court and the amount owing to the Higgins Construction Company for the excavation, tiling and stone as above set out, is the sum of $2,940; and this sum is owing to him by the Higgins Construction Company. His claim of $3,468 against the county court is the amount due, which he alleges it owes him for construction of the portion of the road which he took over. It appears that afterwards, in November, 1920, the Higgins Construction Company contracted with the county court to build another road in Clear Fork district. This contract was completed by it, and on which it claims that the county court owes it the sum of $29,956.70, for the collection of which it has instituted a suit at law, now pending. This second contract for the road in Clear Fork district is separate, distinct from and has no connection or bearing on the first contract above detailed, out of which plaintiff's claims arise. The bill charges that Higgins Construction Company is insolvent; that the deed of trust executed by it in favor of plaintiff on the steam shovel is improperly acknowledged and is void as to subsequent creditors and purchasters without notice. The bill asks the court to take jurisdiction of the claims arising under these various contracts; that the amount due plaintiff from Higgins Construction Company be ascertained; that the amount due him from the county court be ascertained; that the amount due Higgins

Construction Company from the county court on the Clear Fork road, and for which the suit at law is pending, be ascertained; that plaintiff's claim against Higgins Construction Company be subrogated to the lien of the county court on the steam shovel and the same sold and the proceeds applied to its liquidation; and if there be any remainder, the county court be required to deduct that remainder from whatever sum may be found due from it to the Higgins Construction Company on the Clear Fork district road contract and by the county court paid to plaintiff; and that the county court be required to also pay to him the $3,468 or whatever sum is found due for constructing his part of the Surveyor-Eccles road, and for general relief.

There are several grounds urged for equitable jurisdiction: (1) Plaintiff is entitled to be subrogated for his claim of $2,940 against Higgins Construction Company to the lien of the county court under its deed of trust dated July 31, 1920; (2) also to be subrogated to the claim of the construction company for constructing the Clear Fork road, in order to reimburse plaintiff for the $2,940 claim paid by him; (3) plaintiff's contract with the construction company and the county court to construct a portion of the Surveyor-Eccles road is an equitable assignment by the construction company for the amount due him for performing his part of the contract, and he can sue in equity to recover from the county court the $3,468 due on that contract; (4) equity has jurisdiction because of a complication of the accounts between the parties; and to avoid a multiplicity of suits.

Let us examine these grounds.

(1)   It appears from the bill that on July 31, 1920, Brice and Higgins executed a deed of trust on the steam shovel to Kilgore, trustee, for the purpose of securing the money advanced by the county court, $7,600; it also appears that on September 6, 1921, the Higgins Construction Company executed a deed of trust on the steam shovel to Hutchinson, trustee, to secure plaintiff's debt of $2,940, which is now sought to be subrogated to the trust lien of the county court. The last deed of trust referred to is exhibited with the bill and it is averred that the acknowledgment thereto is defective and that by reason thereof, although recorded, it is not good

as against subsequent creditors and purchasers without no-
tice. That is true in so far as subsequent purchasers and
creditors without notice are concerned. But the bill does
not allege that the steam shovel has been purchased by any
one; nor that the rights of subsequent creditors without no-
tice have intervened. As between the parties to that deed
of trust it is good, and it gives right of preference over the
general creditors of the grantor unless void or voidable for
some other reason. It is true that a proper acknowledgment
to the deed of a corporation is essential, and without such
proper acknowledgment the recordation thereof does not con-
stitute constructive notice to creditors and purchasers without
actual notice. It would be good as to them if they had actual
notice of the existence of such a deed of trust. While it is
valid and enforceable between the parties it is void as to
creditors and purchasers without notice only because the
statute makes it so; and the creditors so protected by the
statute are lien creditors only. *Moore* v. *Tearney,* 62 W. Va.
72; *Clarksburg Casket Co.* v. *Undertaking Co.,* 81 W. Va.
212; *Scruggs* v. *Burruss,* 25 W. Va. 670. It is well settled
that a deed which is not acknowledged, and although not ad-
mitted to record, is valid and binding as between the parties.
*Raines* v. *Walker,* 77 Va. 92. A deed is an instrument "signed,
sealed and delivered." It is the signing, sealing and delivery
that gives efficacy to the instrument, not the proof of its
execution nor its recordation. *Board of Supervisors* v. *Dunn,*
27 Gratt. 608. The object of the acknowledgment is to en-
title it to be recorded and to give notice to the world of its
contents; and to enable it to be admitted in evidence without
further proof of its execution. 1 AM. & Eng. Ency. Law
(2d ed.) 484. There is want of allegation in the bill that
the rights of subsequent purchasers or lien creditors have
intervened; and as plaintiff's deed of trust is good as against
general creditors, and as the deed is good, valid and enforce-
able as between the parties, there is no necessity of subroga-
tion to the prior lien of the county court which evidently has
been paid off and discharged.

What is the necessity for subrogation to the lien of the
county court when there is a subsisting valid lien already
belonging to plaintiff? No purchaser or creditor has secured

a prior right. But it is averred that the construction company is insolvent. If so, plaintiff's lien will take precedence over the general creditors. The bill does not aver that plaintiff's trust lien on the steam shovel is void and not good as between the parties. The allegation is that it is void in so far as it affects the interest of subsequent creditors or purchasers for value—and none are averred to exist. When these innocent purchasers for value and lien creditors come into existence, there would be some substantial reason for subrogation to the county's lien. The bare fear will not suffice.

2. Nor can we see any right of plaintiff to subrogate himself to the claim of Higgins Construction Company against the county court, now in litigation, for the construction of the Clear Fork district road. Plaintiff has no lien on that debt, if any there be. He has no judgment. His open account arises out of another, and distinct transaction. But it is argued that his remedy at law by judgment would be unavailing, because his debtor is insolvent, and he could not garnishee the fund in the hands of the county court, under the rule of public policy relieving public officers from attachment or garnishment of public funds in their hands belonging to others with whom they have contracted for the furtherance of public needs. The reason of the rule is that to allow funds in the hands of public officials to be attached or garnished would subject these officers and the public corporations to annoyance in being brought into court in controversies in which the public is not interested, and because it would deprive those who contract with the public of the means of performing their obligations. This policy is firmly established in this state. *Leiter* v. *Fire Engine Co.*, 86 W. Va. 599. Plaintiff is attempting to do in a court of equity that which public policy has declared shall not be done. ''Equity follows the law.''

3. Is plaintiff entitled to the aid of a court of equity in order to collect his claim against the county court for building a part of the Surveyor-Eccles road, amounting to $3,468? There can be no doubt that he has a complete, adequate and expeditious remedy at law against the county court on this claim. The bill charges plaintiff sub-contracted a part of this from Higgins Construction Company, and agreed to pay

the latter certain sums on the earth excavations, tiling, and cubic yard of stone; that he agreed to pay the balance due the county court on the steam shovel; that the county court was advised of the agreement and consented thereto, and in consideration of the performance of the sub-contract the county court promised to pay him therefor, and accepted him as contractor under the terms of the original contract; that he faithfully and fully performed the contract, and the county court has made payments thereon; but has failed and refused to pay the balance of $3,468 due him under its contract. It is argued that the sub-contract was an equitable assignment by the construction company to plaintiff of a portion of the fund set aside by the county court for the payment of the road construction, and he could enforce the payment only in a court of chancery, under the principles laid down in *Hudkins* v. *Ward,* 30 W. Va. 204; *Smith* v. *Davis,* 71 W. Va. 316; *Wamsley* v. *Ward,* 61 W. Va. 65, and similar cases cited.

In *Wamsley* v. *Ward* an order had been drawn for a certain sum to be paid out of a particular fund, the amount of the order not being equal to the fund. The payee had not consented to nor accepted the order, and the court said that the order operated as an equitable assignment of the fund pro tanto, and while an action at law could not be maintained thereon, a court of equity would recognize and enforce it, citing and approving *Bank* v. *Kimberlands,* 16 W. Va. 588. The case of *Smith* v. *Davis* holds that a surety who has paid a judgment against his principal is subrogated to the rights and remedies of the creditor and may enforce it against the land of the principal within the same time that the original creditor could have enforced it. *Hudkins* v. *Ward* follows and accentuates the well known doctrine that where one creditor has a lien upon two funds, and another creditor has a lien upon but one of the funds, the former creditor must exhaust his remedy first against that fund which the latter cannot take. These principles have no application here. The county court consented to the sub-contract, accepted plaintiff as the contractor for the part of the road to be built by him under the terms of the original contract and agreed

to be his paymaster for the labor performed by him thereunder.

4.   Are the accounts between the parties so complicated and intricate that they cannot be ascertained at law?   We find no such averment in the bill; and the facts alleged do not warrant such conclusion.   The basis of the claims is the amount of road work done by each contractor, and when that basis is ascertained mathematical calculation will solve the respective amounts.   If there be controversy over the sums owing for construction work, that controversy presents questions.for jury determination under proper instructions from the court.   While the jurisdiction of equity for the settlement of accounts is not clearly defined in this state, the general rule is that equity will take jurisdiction: 1. where there are mutual complicated demands; 2. where the accounts are on one side, and discovery is sought material to relief; 3. and equity having taken jurisdiction for discovery, to avoid a multiplicity of suits, will administer suitable relief.   Jurisdiction will be declined: 1.   Where the demands are all on one side and no discovery is claimed or is necessary; 2. where on one side there are demands, and on the other mere payments or sets off and no discovery is sought. or required. *Fowle* v. *Lawson,* 5 Peters 495; *Lafever* v. *Billmyer,* 5 W. Va. 33; *Petty* v. *Fogle,* 16 W. Va. 497; *White* v. *Cook,* 51 W. Va. 219; *County Court* v. *Cottle, sheriff,* 81 W. Va. 475; *Land Co.* v. *Coal Co.,* 87 W. Va. 570.

The doctrine of equity jurisdiction to avoid a multiplicity of suits, and that of multifariousness in a bill, are closely related.   The multiplicity of suits to avoid which equity may take jurisdiction must relate in some substantial way to the same subject matter.   If the claims upon which the suits at law or in equity are predicated are separate and distinct in no way related to each other, it is well settled that equity will not take jurisdiction and settle them in one bill, on the ground that several suits would thereby be avoided.   We can perceive no interest of Higgins Construction Company in whether plaintiff succeeds or fails in the assertion of his claim of $3,468 against the county court; or why it should be burdened with the delay and expense of that litigation; nor can we perceive any interest the county court may have in the con-

troversy between plaintiff and the Higgins Construction Company over the payment of the $2,940 claimed from the latter by plaintiff, or why it should be burdened with that litigation. Plaintiff has no connection or interest in the claim of Higgins Construction Company against the county court except a commendable desire to see its debtor obtain money by which it can discharge its alleged indebtedness to plaintiff of $2,940.

"It (the bill) will be treated as multifarious where there is a demand of several matters of a wholly distinct and independent nature, in the same bill, rendering the proceedings oppressive because it would tend to load each defendant with an unnecessary burden of costs by swelling the pleadings with the statement of the several claims of the other defendant or defendants, with which he has no connection." Hogg's Equity Procedure, p. 206.

Where a bill unites several matters distinct in their nature, against several defendants who are unconnected in interest and liability, it is multifarious. *Stuart* v. *Coalter,* 4 Rand. 74; *Crickard* v. *Crouch,* 41 W. Va. 503. The bill cannot be sustained on the averment that it will avoid a multiplicity of suits; and we are strongly of the view that it is multifarious.

The averments in the bill of equity jurisdiction in view of the facts therein set out are colorable. "Averments in a bill of facts showing equitable jurisdiction, which are shown by other averments and the manifest object of the bill to be merely colorable, will not give equity jurisdiction, if the real cause of action is one for which the plaintiff has a full, adequate and complete remedy at law." *Laidley* v. *Laidley,* 25 W. Va. 525. We think the remedy of plaintiff on both his claims, $2,940 against Higgins Construction Company and $3,468 against the county court, is at law.

There is no equity in the bill; and it will be so certified to the lower court.

*Ruling reversed.*