COURT OF APPEALS OF WEST VIRGINIA.                79

.July Term,        Rathbone Oil Tract Co. vs. Rauch.            1871

# 𝔚heeling.

THE RATHBONE OIL TRACT ·CO. *vs.* CHARLES M. RAUCH.

July Term, 1871.

1. The action of unlawful detainer involves the title and boundary of land, within the meaning of the 8th section of article VI. of the constitution; and this court has jurisdiction over a final judgment of the circuit court In such action, although the case may have been brought into the circuit court by appeal from a justice's judgment. Code, chap. 135, p. 639.

2. An affidavit in a cause, filed for the purpose of obtaining a removal of it to a federal court, is within the meaning of the act of Congress providing that where a suit is pending in a State court between a "citizen" of that State and a "citizen" of another State, if it be made on behalf of a "corporation" created by another State, *in its corporate name;* as the legal presumption is that its members are citizens of the State in which alone the corporate body has a legal existence, and that a suit by or against a corporation in its corporate name, must be presumed to be a suit by or against citizens of the State which created the corporate body.

:3. An action of unlawful detainer is brought before a justice, and judgment being rendered against the defendant, a foreign corporation, it appeals to the circuit court, but before trial it seeks to remove the cause to the circuit court of the United States, under the act of Congress. HELD:

   I. That the trial before the justice was not a "final trial" within the meaning of the act. That no motion to remove the cause could have been made before the justice, because that is not a "State court," in the meaning of the act of Congress.

   II. That a case on appeal from a justice's judgment is to be tried *de novo* in the circuit court, and as though it had never been tried, therefore, according to the meaning and intent of the act of Congress, no final trial had taken place at the time of the motion for removal, and it was error to overrule it.

This was a suit brought by Charles M. Rauch, against the Rathbone Oil Tract Company on the 9th of January, 1868, in Burning Springs township, Wirt county, before a justice. The summons claimed damages for "unlawfully detaining," &c., a certain lot of land, the damage being limited to ninety-nine dollars. Judgment for the plaintiff, January 14th, 1868. The defendant appealed to the circuit court of Wirt county.

At the November term, 1870, the defendant filed an affidavit under the act of Congress, and tendered security for the costs, and moved the court to remove the cause to the circuit court of the United States for the district of West Virginia. The court overruled the motion, and at the same term a trial was had, and judgment for the plaintiff.

The affidavit asking a removal, stated that the defendant was a corporation formed under the laws of the State of New York, and its principal office and place of business was in the city and State of New York; that the plaintiff was a resident of the State of West Virginia; that the matter in dispute exceeded the sum of five hundred dollars, and that by reason of local influence and prejudice, the defendant could not obtain justice, &c.

The plaintiff brought the case here for review.

*Jackson* and *Hutchinson* for plaintiff in error.
————————— for defendant in error.

MAXWELL, J. Rauch brought his complaint against the defendant before a justice in Wirt county, for unlawfully detaining from him the possession of a certain tract of land, described in the complaint. A trial was had before the justice, and judgment rendered for the plaintiff, when the defendant appealed to the circuit court, where the cause was tried, and judgment again rendered for the plaintiff, from which last judgment the defendant has appealed to this court.

The first question for consideration is, the motion made by the appellee to dismiss the appeal, upon the ground that this court has no jurisdiction to hear or determine the same. To maintain the jurisdiction of this court, it is not necessary to look any further than to the first section of chapter 135 of the Code, p. 639, which provides that a party to a controversy in any circuit court may appeal to the supreme court of appeals from a judgment, decree, or order therein, in the following cases: First, from a final judgment or decree concerning the title or boundary of land. When the case was taken to the circuit court on appeal, it was a case pending in that court, and the appeal to this court is by a party to a controversy in that court. The Code does not recognize any difference be-

tween a suit originally brought in a circuit court and a case which gets there upon appeal. The only test is, that the party who appeals must be a party to the controversy. The appeal is from a final judgment rendered in the controversy. Was the controversy "concerning the title or boundary of land."

This court held, in the case of *Gorman* vs. *Steed*, 1 W. Va. Rep., p. 1, that an action of unlawful detainer involves the title and boundary of land, within the meaning of the 8th section of Art. VI. of the constitution, which section contains the precise language of the code, quoted above. The motion to dismiss for want of jurisdiction will therefore have to be overruled. Before the case was tried in the circuit court, a motion was made by the defendant, to remove it for trial into the circuit court of the United States for the district of West Virginia, which motion was overruled. The motion for removal was made under the act of Congress approved March 2d, 1867, entitled, "An act to amend an act entitled an act for the removal of causes in certain cases from State courts, approved July twenty-seven, eighteen hundred and sixty-six." This act provides: "That where a suit is now pending, it may hereafter be brought in any State court in which there is a controversy between a citizen of the State in which the suit is brought, and a citizen of another State, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such State court an affidavit stating that he has reason to and does believe that from prejudice or local influence, he will not be able to obtain justice in such State court, may, at any time before the final hearing or trial of the suit, file a petition in such State court for the removal of the suit into the next circuit court of the United States, to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as by the act to which this act is amendatory, are required to be done upon the removal of a suit into the United States court; and it shall be thereupon the duty of the State

11

court to accept the surety, and proceed no further in the suit," &c.

A petition was filed for the removal, supported by the affidavit of the agent of the defendant, both of which are claimed by the appellant to conform to the act of Congress; but the appellee insists that the affidavit is insufficient in this, that it states that the defendant, the Rathbone Oil Tract Company, is a corporation formed under the laws of the State of New York, and that its principal office and place of business is in the city and State of New York, and that said corporation is a resident of the State of New York, and does not state that the said corporation is a citizen of the State of New York. The appellee also insists that, though the affidavit may be in form, the motion for removal could not be made in the circuit court, because it had been once tried before a justice, before it was removed into the circuit court.

The first question for consideration is, is the averment in the affidavit, that the "Rathbone Oil Tract Company is a corporation formed under the laws of the State of New York," equivalent to an averment in the language of the act of Congress, that the defendant is a "citizen" of the State of New York. This question, in substance, has been repeatedly considered by the supreme court of the United States, and in the case of *The Louisville C. & C. R. R. Co.* vs. *Letson*, reported in 2 Howard, 497, it was decided by the court, that where a corporation is created by the laws of a State, the legal presumption is that its members are citizens of the State in which alone the corporate body has a legal existence; and that a suit by or against a corporation, in its corporate name, must be presumed to be a suit by or against citizens of the State which creates the corporate body; and that no averment or evidence to the contrary is admissible, for the purpose of withdrawing the suit from the jurisdiction of a court of the United States. The same question was again considered and reaffirmed in the case of *Marshall* vs. *The B. & O. R. R. Co.*, 16 Howard, 314; the case of *The Covington Drawbridge Co.* vs. *Shepherd*, 20 Howard, 227; and in the case of *Ohio & Miss. R. R. Co.* vs. *Wheeler*, 1 Black., 286. In the case of *Marshall* vs. *The B. & O. R. R. Co.*, the averment in the declaration was that, "The Baltimore and Ohio Railroad Company, the de-

fendant, is a body corporate by an act of the general assembly of Maryland." It was objected that the averment was insufficient to show jurisdiction of the case in the courts of the United States, but the court held: "Whether the averment of this fact be sufficient in law, is merely a question of pleading. If the declaration sets forth facts from which the citizenship of the parties may be presumed or legally inferred, it is sufficient. The presumption arising from the habitat of a corporation in the place of its creation, being conclusive as to the residence or citizenship of those who use the corporate name, and exercise the faculties conferred by it, the allegation that the 'defendants are a body corporate by the act of the general assembly of Maryland,' is a sufficient averment that the real defendants are citizens of that State. This form of averment has been used for many years. Any established form of words, used for the expression of a particular fact, is a sufficient averment of it in law."

It is apparent, therefore, that the affidavit is sufficient, in both form and substance, to bring the case within the meaning of the statute. The affidavit and petition are not objected to for informality or insufficiency in any other respect. The next question is, was the motion for removal made too late ? The act provides that the motion may be made at any time before the final hearing or trial of the suit; and it may be made in any suit in any State court in which there is a controversy between a citizen of the State in which the suit is brought, and a citizen of another State. The point insisted upon by the appellee is, that when the case was tried before the justice, this was a final trial within the meaning of the act. The motion to remove the cause could not have been made while it was pending before the justice, because that is not a "State court," within the meaning of the act of Congress; and if the position of the counsel for the appellee is correct, it would be a case in which the party would be deprived of a right which he might enjoy if the suit had been brought in the circuit court in the first instance.

And again, when a case is taken to the circuit court upon appeal from a judgment rendered by a justice, the case is to be tried and determined without reference to the judgment of the justice, on the principles of law and equity. It is to

be tried upon the same evidence that it would be tried upon if brought at first in the circuit court, and the trial would in all other respects be the same, except that the jury to be impanelled, if one is called, shall be of six persons. It would seem, therefore, that it was not too late to make the motion for removal at the time it was made, as there had then been no trial in the circuit court, and it should have prevailed and the circuit court should have proceeded no further in the suit. In this view of the case, the other questions argued do not properly arise, and it will not be proper to consider them; but the judgment complained of will have to be reversed, with costs to the appellant, for the failure of the court to allow the cause to be removed to the United States court; and the cause remanded with instructions to the court below to send it to the circuit court of the United States for trial, if the defendant shall desire it, and the facts shall again appear in the court below as they appear in the record here.

The other judges concurred.

JUDGMENT REVERSED.