# CHARLESTON.

D. S. ENGEL *et al. v.* EASTERN OIL CO. *et al.*

(No. 5377)

Submitted October 27, 1925. Decided November 3, 1925.

1. MINES AND MINERALS—*Equity Will Not Enforce Forfeiture of Vested Estate for Failure to Pay Rent.*

    Equity will not enforce the forfeiture of a vested estate for a failure to pay rent. The lessor must resort to his legal remedy. (p. 303.)

    (Mines and Minerals, 27 Cyc. p. 736.)

2. SAME—*Equity Will Generally Relieve From Forfeiture Claimed for Failure to Pay Rent, if Default Was Not Wilful and Application for Relief Seasonably Made.*

    Equity will generally relieve from a forfeiture, claimed for failure to pay rent, when the default was not wilful and application for relief is seasonably made. (p. 303.)

    (Mines and Minerals, 27 Cyc. p. 739.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Braxton County.

Suit by D. S. Engel and others against the Eastern Oil Company and others. Decree for plaintiffs, and defendants appeal.

*Reversed and remanded.*

*A. M. Cantrall* and *W. G. Stathers,* for appellants.
*Haymond & Fox,* for appellees.

HATCHER, JUDGE:

The defendants are owners of an oil and gas lease, executed in 1915 by D. S. Engel et al., on 265 acres of land in Braxton county. The lease is for a period of ten years, and as long thereafter as gas or oil should be produced. It provided, among other items, (a) that a well should be completed within ninety days from the date of the lease, or lessees

should pay at the rate of $66.25 for each three months thereafter completion should be delayed, (b) that in case gas was struck, a payment of $75.00 a quarter should be made for each gas well within 60 days after commencing to use the gas therefrom, (c) that the lessors should have the right to free use of gas from any well drilled on their land for the purpose of heating and lighting one · dwelling house, and (d) that "The completion of a well shall stop the rental only on one-third of this tract of land, and it is further agreed that if the second parties fail to pay rental as and when due, this lease shall become null and void."

The quarterly rentals of $66.25 (referred to in the briefs as delay rentals) were regularly paid, in advance, up to December 19, 1922. A well was not completed on the property until October 25, 1922. Gas from this well was turned into the regular gas line on December 15, 1922, and on the following day payment of $75.00 was made on account of the gas well, for the three months from December 19, 1922, to March 19, 1923. On March 19, 1923, another quarterly payment of $75.00 was made on account of the gas well. In April, 1923, the lessors made a gas connection from the well to a house of one of their tenants, who used gas free until October, 1923. On June 1, 1923, another payment of $75.00 on this account for the three months from June 19, 1923, to September 19, 1923, was tendered the lessors by the lessees, but was refused by the lessors.

The reason of this refusal was that the lessees had failed to pay (in advance, as had been their custom), the delay rental, (reduced from $66.25 to · $44.17 a quarter by reason of the completion of the gas well) for the quarters ending March 19, 1923, and June 19, 1923, respectively, and the lessors were therefore claiming a forfeiture of the lease. On June 1, 1923, the lessees also tendered to the lessors the delay rental for the quarters ending March 19, 1923, June 19, 1923 and September 19, 1923, respectively.

On October 3, 1923, the lessees filed an answer, in which they stated that the failure to pay the delay rental promptly was due to a mere oversight of one of their employes. The answer set up the other facts heretofore narrated in regard to

the lease, tendered and paid into court all payments and rental due, with interest, and asked relief in case the court was of the opinion that a technical forfeiture of their lease had occurred by reason of their failure to pay the delay rental aforesaid in advance. From a decree in favor of the plaintiffs by the circuit court of Braxton county the defendants have appealed.

Upon the finding of gas the right of the lessees in the lease became a *vested right. Headley* v. *Hoopengarner,* 60 W. Va. 626, *The Eastern Oil Co.* v. *Coulehan,* 65 W. Va. 531, *Mc-Grawe Oil Co.* v. *Kennedy,* 65 W. Va. 595, *Venture Oil Co.* v. *Fretts,* 152 Penn St. 451.

This court has held in an unbroken line of decisions, extending over many years, that equity will not enforce the forfeiture of *a vested estate,* because of the breach of a subsequent condition. The lessor is left to his remedy at law. *Craig* v. *Hukill,* 37 W. Va. 520, *Spies* v. *Ry. Co.,* 60 W. Va. 390, *Pheasant* v. *Hanna,* 63 W. Va. 613; *Pyle* v. *Henderson,* 65 W. Va. 39, *Land Co.* v. *Trees,* 75 W. Va. 559, *Chambers* v. *Perrine,* 81 W. Va. 321. Accord: 2 Story Eq. Jur. par. 1319, Bisp. Eq. par. 181, Beach Mod. Eq. Jur. par. 1013, Pomeroy Eq. Jur. par. 459. The lessors had a plain remedy at law either for the collection of the delay rental (Code, Ch. 92, Sec. 7), or for the enforcement of a forfeiture of the lease, (Code, Ch. 93, Sec. 16). Consequently the plaintiffs cannot maintain their action in equity.

The breach in this case was of a pecuniary covenant. It was not wilful. The lessees made prompt offer, upon discovery, to pay the amount in arrears. They tendered and paid into court the amount due with interest. Equity will relieve from forfeiture in such case.

> "It is well settled that where the agreement secured is simply one for the payment of money, a forfeiture either of lands, chattels, securities or money, incurred by its non-performance, will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, on payment of the debt, interest and costs, if any have accrued,

unless by his inequitable conduct he has debarred himself from the remedial right, or unless the remedy is prohibited under the special circumstances of the case by some other controlling doctrine of equity. Pomeroy, par. 450.

"In cases of forfeiture for non-performance of pecuniary covenants, relief in equity goes as a matter of course where compensation may be made." *Ry. Co.* v. *Triadelphia*, 58 W. Va. 487 (516) ; *Spies* v. *Ry. Co., supra; Pheasant* v. *Hanna, supra; South Penn Oil Co.* v. *Edgel*, 48 W. Va. 348; *Lynch* v. *Versailles Fuel Gas Co.*, 165 Pa. St., 30 Atl. 984.

This right of relief from a forfeiture for failure to pay the rent in arrears is also specifically recognized in Section 17, Chapter 93 of the Code.

Upon the payment into court of the amount in arrears, with interest, the court should have adjudged the lease to be in full force and effect.

For the reasons stated the decree of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*