FRED DANKMER *v.* CITY ICE & FUEL COMPANY ET AL.

(No. 7009)

Submitted March 2, 1932. Decided March 8, 1932.

*McCamic & Clarke* and *Jay T. McCamic,* for appellant.
*Martin Brown,* for appellees.

HATCHER, PRESIDENT:

This appeal involves the sufficiency of plaintiff's bill and amended bill.

The material allegations of the bill are (1) that defendant has brought an action at law against plaintiff to recover $5,000.00, of which $2,403.18 is alleged to have been misappropriated by him between June 30, 1928, and June 30, 1929, while he was general manager and treasurer of the de-

fendant; (2) that he knew nothing of the alleged misappropriation, but under duress (details given) he admitted in writing his responsibility for it; (3) that he is uneducated and unqualified for a managerial position, yet with full notice of his unfitness the defendant appointed him manager and treasurer and he was nominally such during the year alleged; (4) that defendant had a bookkeeper to look after the books and plaintiff spent no time during the day in the office and knew nothing of the accounts; (5) that he deposited in the bank such money as was turned over to him, paid current bills, and devoted most of his time to driving a truck for defendant; (6) that as a truck driver, he worked much overtime for which he was not paid, but for which he is entitled to be remunerated; (7) that owing to competition in 1929, coupons issued by defendant were accepted by it from purchasers for more ice than the coupons called for, which brought about "great confusion and complexity of accounts," as will be disclosed by defendant's books; (8) that for the benefit of defendant, he expended $575.00 of his own money in stock of a rival company, which expenditure has not been repaid; (9) that defendant lacked equipment and at its request he used and practically wore out in its service two automobiles and a truck belonging to him personally, and finally traded in the truck for a new one for defendant, for which use and for which application of his truck he has received nothing; (10) that defendant proceured all of its water from May, 1928, to December, 1929, from wells owned personally by him, for which it has not paid, and that plaintiff does not know the quantity of water so used and calls on defendant for a discovery; (11) that he cannot properly set up his demands against defendant in a court of law and prays for cancellation of the writing which admits his liability to defendant, for an accounting with the defendant on the foregoing items, and for defendant to be enjoined from further prosecuting its action at law against him.

A temporary injunction was awarded. The defendant demurred and answered, denying all of plaintiff's claims, and filed affidavits in support of a motion to dismiss the injunction. The plaintiff then filed an amended bill alleging the

insolvency of defendant to which the defendant demurred but did not reply. Depositions were taken by plaintiff in support of his allegations. At this stage of the proceeding the circuit court sustained the demurrers to the bill and amended bill and dismissed the same.

The lower court took the view, as appears from its order, that the law affords the plaintiff adequate remedy for his demands. This view would be correct if his only demand was for an accounting on a simple account. But here his allegations (which must be taken as true on demurrer) show complications, which can be more deliberately and much better solved by a chancellor or his commissioner than by a jury. See *County Court* v. *Cottle,* 81 W. Va. 469, 475, 94 S. E. 948. Plaintiff also calls for a discovery of the water used by defendant from his wells. This discovery is essential to his relief, and constitutes another ground for equity jurisdiction. 1 C. J., subject Accounts and Accounting, sec. 62. Therefore, it seems clear that plaintiff is entitled to the interposition of a court of equity. ''It seems, however, to be well settled, that in matters of account growing out of privity of contract between the parties, not only where the accounts are mutual and intricate, but also where the accounts are all on one side and a discovery is sought which is material to plaintiff's relief, equity has jurisdiction.'' *Belcher* v. *C. & C. Co.,* 68 W. Va. 716, 719, 70 S. E. 712-13. *Land Co.* v. *Coal Co.,* 87 W. Va. 570, 579, 105 S. E. 799; *Hays* v. *Bowser,* 110 W. Va. 323, 326, 158 S. E. 169.

The judgment of the circuit court is accordingly reversed and the cause remanded.

*Reversed and Remanded.*