IRA JUNIOR KELLER

*v.*

MODEL COAL COMPANY, *et al.*

(No. 10832)

Submitted January 22, 1957.    Decided March 19, 1957.

598

*Charles V. Wehner,* for appellant.

*Charles H. Brown, Cramer W. Gibson, Hyer & Gibson,* for appellees.

DUCKER, JUDGE:

Plaintiff instituted in the Circuit C o u r t of Preston County this suit in equity against the defendants to cancel a coal lease and option existing between the plaintiff and defendants on lands owned by plaintiff, and to obtain from defendants an accounting of the tonnages of coal removed, and discovery of the amount of coal mined on and transported from the premises. The defendants demurred to the plaintiff's original, amended and supplemental bills of complaint, and by the decree of the Circuit Court, the defendants demurrers were sustained without prejudice to the right of the plaintiff to institute and prosecute any actions at law against the defendants, to which decree plaintiff prosecutes this appeal.

The allegations of the bills of complaint are in effect: That the plaintiff is the owner of all of the Bakerstown seam of coal under two tracts of land, aggregating 305¾ acres in Kingwood, Preston County, West Virginia by inheritance in 1952 by plaintiff from his father as to one-half thereof, and by purchase in 1954 by plaintiff from his brother as to the other one-half thereof; that said coal was subject to a lease dated July 27th, 1951, executed by plaintiff's father to defendant, Model Coal Company, a corporation; that said lease was "for such a period as the Lessee shall be able to profitably mine and remove the coal by the deep mining method, or any other method, or until the coal that is capable of being

profitably mined is completely removed"; that as advance royalty $500.00 was paid upon the execution of the lease and $500.00 paid in six months thereafter, and that a royalty of $.15 per ton, with credit for all royalty paid, should be paid monthly; that statements of all railroad and truck scale weights were to be furnished to lessor; that the lessee is given an option to purchase the property, with credit for all royalty paid, for the price of $12,000.00 within five years, or of $15,000.00 at the end of ten years; that lessee will mine and remove the coal in a workmanlike manner and maintain its operation in strict conformity with all valid State and Federal mining laws and regulations; that lessee will conduct its mining operations in such a manner as to be prepared to sell custom coal as well as coal for commercial purposes upon the open market; that upon the termination of the lease by other means than forfeiture lessee may remove machinery and other personal property from the land; that lessee has failed to mine and remove the coal that could have been profitably mined and removed; that the quality of the coal was good, the market available and all coal that could have been produced could have been sold at a profit; that lessee failed to install necessary equipment, did not conduct its mining operations so as to be prepared to sell custom coal; that numerous individuals employed by lessee were unable to mine and sell coal for lessee because lessee failed to provide necessary equipment so to do; that lessee violated the terms of the lease by failing to comply with the mining laws in at least sixteen ways, and that by reason thereof, the mine was closed on December 31, 1954 by the State Mine Inspector and is still closed; that since said closing, plaintiff has received no royalty except for 20.60 tons, and that for the period of over three and one-half years the tonnage totaled 1632.91 tons, which at $.15 per ton was $244.94; that the few reports of coal mined sent to plaintiff were signed by Marrara Coal Company; and that Model Coal Company attempted to assign the lease to Raymond Hartman, the other defendant, who, being informed of violations of the lease,

had previously attempted to purchase the coal property so leased.

The grounds of defendants' demurrers are: that the plaintiff has an adequate remedy at law; that plaintiff is not in possession of the premises and therefore cannot bring a suit for the removal of a cloud on title; that the instrument sought to be cancelled contains an option to purchase as well as a coal lease, and that the facts alleged in the bill do not vitiate the option; that there are conflicts between the pleadings and the lease contract; that the bills of complaint allege only breaches of covenants in the lease for which the plaintiff has an adequate remedy at law; that the bills of complaint with its exhibit show there is no forfeiture provision in the lease; that plaintiff is asking a court of equity to enforce a forfeiture, and that there are no breaches of the provisions of the lease for which equity would declare a forfeiture; and that the amended and supplemental bill pleads evidence instead of facts necessary to establish an equitable cause of action.

The decree of the Circuit Court in sustaining the demurrers of the defendants to the bill of complaint and the amended and supplemental bill of complaint has the practical effect, though not so specifically providing, of dismissing the bills and entering judgment for defendants without prejudice to plaintiff to sue at law. The question for determination by this Court now is whether or not the plaintiff has alleged facts sufficient for a court of equity to grant, in whole or in part, the relief sought by the plaintiff.

The plaintiff's assignments of error to the Court's decree sustaining the demurrers of defendants, treated collectively, and so far as they are necessary for a determination of the issues, are: (1) that equity will enforce a forfeiture of the lease, (2) that if the lease is forfeited, then the option given to lessee to purchase the property will also be forfeited, and (3) that the plaintiff does not have an adequate remedy at law. Of these in their order.

The several factual allegations in the bills of complaint upon which plaintiff bases his prayer for forfeiture of the lease and option are chiefly that the defendants have failed (1) to mine and remove the coal that could have been profitably mined and removed, (2) to install necessary equipment to mine and sell custom coal, and (3) to provide equipment facilities for the individuals employed by defendants engaged in the mining operations to mine the coal; and further, (4) that the mine has been closed by the State Mine Inspector on account of defendants' violation of the mining laws in some sixteen ways, (5) that the total royalty reported to plaintiff by defendants for the whole period the lease had been in effect was only $244.94, and (6) that defendant lessee had assigned the lease to the individual defendant herein who at the time of the assignment knew of the alleged violations of the terms of the lease, and who previously had attempted to purchase the property embraced in the lease.

Are these allegations of facts sufficient to entitle the plaintiff to a decree forfeiting the lease, and if so, also a forfeiture or cancellation of the option?

There was no division or apportionment of the consideration for the lease agreement between the lease and the option, and as all the consideration is for the lease and option jointly, we are of the opinion that both must stand or fall together. They are both so related and so dependent on each other in purpose and intent that if the lease is to not be cancelled, we think it is only reasonable to conclude that the land remains subject to the option, or otherwise both lease and option shall fall.

The decisions of this Court are clearly to the effect " * * * that equity will not enforce the forfeiture of *a vested estate,* because of the breach of a subsequent condition. The lessor is left to his remedy at law." *Engle* v. *Oil Company,* 100 W. Va. 301, 303, 130 S. E. 491, and cases cited therein, and further that "It is familiar law that forfeitures are not favored in courts of equity."

*Carder* v. *Matthey*, 127 W. Va. 1, 7, 32 S. E. 2d 640, and cases cited. In the absence of a forfeiture provision, this Court has held that a mere failure to comply with some of the covenants or the making of partial performance only would not give a court of equity jurisdiction to set aside and vacate the contract between the parties. *Vaughan* v. *Napier*, 92 W. Va. 217, 114 S.E. 526; *Bankers Pocahontas Coal Co.* v. *Central Pocahontas Coal Co.*, 113 W. Va. 1, 166 S.E. 491.

This question has been in some instances, we think, properly considered on the theory of abandonment, and particularly so where there is not contained in the terms of the lease any provision for a forfeiture upon failure on the part of the lessee to develop the property as contemplated or specified in the lease. Professor Donley, in his work, "The Law of Coal, Oil and Gas in W. Va. and Va.", Chapter VII, §93, says that "The principle of implied covenant or condition for development has been mentioned in cases involving coal leases, but here again no clear distinction is made between that principle and the doctrine of abandonment", and he cites several cases in which leases were cancelled because of abandonment whether the condition as to development was express or implied, such cases so cited being *Bluestone Coal Co.* v. *Bell*, 38 W. Va. 297, 18 S.E. 493; *Starn* v. *Huffman*, 62 W. Va. 422, 59 S.E. 179; *Huggins* v. *Daley*, 99 Fed. 606; *Clintwood Coal Corporation* v. *Turner*, 133 Va. 464, 114 S.E. 117.

The doctrine of abandonment was recognized and discussed in *Martin* v. *Coal & Oil Corp.*, 101 W. Va. 721, 724, 133 S.E. 626, in which the Court said: "While not attempting to point out all these distinctions, we may say an important one, however, is that, since abandonment is a question of intention, the acts of the lessee may indicate his intention to abandon the enterprise he has undertaken under the lease, when these acts would not be sufficient to show neglect or a failure to develop or produce sufficient to entitle the lessor to a forfeiture of the lease."

From the facts alleged, can it be said that the lessee has intended to abandon the lease, and that by virtue of such abandonment he is entitled to have a decree of forfeiture of the lease? We are of opinion that the plaintiff has not alleged sufficient facts to show with reasonable certainty an intention on the part of the lessee to abandon the enterprise, and that in the absence of such facts, the plaintiff is not entitled to a decree of forfeiture of the lease, and consequently no forfeiture or cancellation of the option.

We shall next consider whether the plaintiff has an adequate remedy at law as to the other relief sought by him in this suit, or whether having an adequate remedy at law he may still have the other relief in this suit. In other words, shall equity retain jurisdiction here for the purpose of granting relief on the basis of discovery and accounting as prayed for by plaintiff, even though the main purpose of the suit, namely, forfeiture, is denied?

There are many decisions of this Court relating to accounting and the right of discovery as a basis for an accounting. It is stated "Equity has jurisdiction of a suit for an accounting, * * * when the bill prays for a discovery and alleges facts which show that a discovery is essential to the establishment of plaintiff's rights." Syl. 1, *Belcher* v. *Big Four Coal & Coke Co.*, 68 W. Va. 716, 70 S.E. 712; *Blue* v. *Hazel-Atlas Glass Company*, 93 W. Va. 717, 726, 117 S.E. 612; *Fredeking* v. *Grimmett*, 86 S.E. 2d 554, (W. Va.).

This Court, in *Hays* v. *Bowser*, 110 W. Va. 323, 326, 158 S.E. 169, said "It is equally well settled, however, that equitable and legal remedies are concurrent in matters of account. * * * Equity may entertain a bill on behalf of the owner of property against one entrusted with its operation, when a discovery is needed by the owner and he is entitled to an account."

In *State* v. *Rodgers, Judge*, 138 W. Va. 562, 569, 76 S.E. 2d 690, Judge Lovins expressed the principles, with a citation of authorities, in the following language:

" 'When equity can do complete justice between the parties, it will never turn them out of court to pursue their remedy at law; but a court of equity having complete jurisdiction of the parties and the subject matter, should make such decree as will settle the rights of the parties, do complete justice between them and close the controversy.' * * * Though equity has jurisdiction upon one ground, a court of equity should give complete relief even 'in matters as to which, considered alone, it would not have jurisdiction.' * * * The foregoing rule is qualified to the effect that facts must be alleged in the pleadings and established by proof, i.e., rightfully invoked before the rule is applicable."

Also, in *Dudley* v. *Niswander*, 65 W. Va. 461, 64 S.E. 745, there is the following language: " ' Equity has jurisdiction of a bill seeking to substitute an equitable for a legal forum when there is a prayer for discovery and there are averments showing the indispensibility thereof ' ". And this Court has further held "The facilities of a court of equity are much better adapted to settle a complicated account, particularly when a discovery is sought, than are the facilities of a court of law." *Dankmer* v. *City Ice & Fuel Co., et al.*, 111 W. Va. 676, 163 S.E. 430. See also 6 Michie's Jurisprudence, page 190, Discovery, §5; 1 Hogg's Equity Procedure, Third Edition, Chapter 8.

The plaintiff's bills of complaint are phrased and drawn primarily for the purpose of pleading a case of forfeiture of the lease and option, and only secondarily for the purpose of discovery and accounting. Apparently the plaintiff is not as much concerned with seeking a recovery of what royalty might be due him as he is with the recovery of the possession of the property, hence the paucity of extensive allegations as to the need for discovery and accounting. In addition to the allegations relating to the lack of development, the small amount of royalty received and the improper use of the property, the plaintiff has alleged "the need for discovery of whether the-true and accurate amount of coal

shipped from said premises is the same as that reported to your plaintiff has been paid the full amounts due by defendant". And in the prayer of the bill, plaintiff prays for "an accounting of the tonnages of coal removed from said premises, the information for which was not furnished monthly to your plaintiff, and is peculiarly within the knowledge of the corporate defendant herein, discovery of the amount of coal transported, by truck and by railroad weight, or otherwise, the amount of custom coal removed and sold, and a court of law being inadequate to render the plaintiff the relief he seeks and to which he is entitled, that this Court of Equity takes cognizance of the complete matters between and among the parties to this suit". The matter of discovery is often necessary to an accounting, and an accounting is likewise often necessary in order to determine whether there is anything due under such a contract as is here involved. Furthermore, it can hardly be gainsaid that courts of equity in most instances afford more convenient and more thorough procedure for determining satisfactorily such matters. May then these allegations be considered sufficient for the Court to retain jurisdiction of this cause for the purpose of either discovery or accounting, or both?

Although the bills of complaint may be considered as lacking to some extent in specific allegations stating facts to support the need for discovery and accounting, we think that the many allegations relating to the various failures of the defendants to comply with the terms of the lease and the extremely poor results of the defendants' operations thereunder, particularly the small amount of coal accounted for, add definite support to and supplement both the plaintiff's allegations of his need for discovery and his prayer reciting that the facts as to such matter were peculiarly within the knowledge of the defendants. The allegations and prayer are, when read together and considered as a whole, sufficient to require the Court to retain jurisdiction for the purpose of enabling the plaintiff to have the discovery and accounting prayed for by him as a part of the relief sought in

this suit. The defense that the plaintiff has an adequate remedy at law may not be definitely determined at the present stage of this suit, and even if it does now or eventually appear that he has or may have an adequate remedy at law, such facts will not, according to the authorities cited, deprive a court of equity of jurisdiction in such a matter.

Inasmuch as the bills allege several grounds of relief, any one of which shall be sufficient in law, the demurrer should not have been sustained. *Sperry* v. *Collieries Co.,* 87 W. Va. 223, 104 S.E. 486.

Our decision on the principal issues as hereinbefore expressed renders it unnecessary to consider as pertinent or material any other points raised by the demurrers, assignments of error, or specified in the briefs of counsel filed herein.

Accordingly, we are of the opinion that the Circuit Court was correct in sustaining defendants' demurrers as to forfeiture, but that the Circuit Court erred in sustaining the defendants' demurrers as to discovery and accounting, in which latter respect the demurrers should have been overruled, and therefore the order of the Circuit Court is in that respect reversed, and the cause remanded for further proceedings in accordance herewith.

> *Affirmed in part;*
> *reversed in part; and*
> *remanded with directions.*

HAYMOND, JUDGE, dissenting:

Though I agree that points 2, 3 and 4 of the syllabus contain correct statements of law, I challenge their application to the facts alleged in the original, amended and supplemental bills of complaint which are the only pleadings filed in this case.

In my judgment the facts alleged in those pleadings, which on demurrer must be regarded as true, completely fail to show any basis whatsoever for discovery and accounting in equity between the plaintiff and the defend-

ants. For that reason I dissent from the decision of the majority of this Court to the extent that it holds that under the allegations of the original, amended and supplemental bills of complaint the plaintiff is entitled to a discovery and an accounting in this suit.

The majority opinion concedes that the pleadings were "phrased and drawn primarily for the purpose of pleading a case of forfeiture of the lease and option", which relief was correctly refused by the decision, "and only secondarily for the purpose of discovery and accounting." Concerning the statement last quoted my comment is that even the secondary purpose of discovery and accounting is not supported by any allegation of facts which is sufficient to entitle the plaintiff to a discovery or an accounting.

The principal allegations in each bill of complaint concerning discovery and accounting, as the references in the majority opinion clearly disclose, are statements of mere legal conclusions instead of statements of fact. The allegation quoted in the majority opinion that "the need for discovery of whether the true and accurate amount of coal shipped from said premises is the same as that reported to your plaintiff has been paid the full amounts due by defendant", is not an allegation of facts but at most is a vague and almost meaningless statement of a conclusion. Likewise the statement in the prayer of the bill of complaint, according to this quotation in the majority opinion, that "an accounting of the tonnages of coal removed from said premises, the information for which was not furnished monthly to your plaintiff, and is peculiarly within the knowledge of the corporate defendant herein, discovery of the amount of coal transported, by truck and by railroad weight, or otherwise, the amount of custom coal removed and sold, and a court of law being inadequate to render the plaintiff the relief he seeks and to which he is entitled, that this Court of Equity takes cognizance of the complete matters between and among the parties to this suit.", though containing

some relatively unimportant facts, is mainly a vague and almost meaningless statement of conclusions.

The only statements of fact relating to the coal mined and removed for which the plaintiff seeks discovery and accounting set forth in the pleadings, as disclosed by the majority opinion, are that "plaintiff has received no royalty except for 20.60 tons, and that for the period of over three and one-half years the tonnage totaled 1632.91 tons, which at $.15 per ton was $244.94;", and that "the total royalty reported to plaintiff by defendants for the whole period the lease had been in effect was only $244.94,". The two statements just quoted, relating to the amount of coal mined and removed of 1632.91 tons, the royalty paid on 20.60 tons, and the unpaid royalty included in the sum of $244.94, show that, despite the allegation that information concerning these matters is within the peculiar knowledge of the defendant, the plaintiff knew the above stated facts. Notwithstanding this knowledge of the plaintiff he does not allege any facts to support the conclusion of peculiar knowledge possessed by the defendants or any facts to show that the plaintiff does not have access to the necessary information concerning the amount of coal mined and removed, or that he does not have an equal opportunity with the defendants to ascertain the amount of coal mined and removed by either of them from beneath the surface of the land owned by him. His ownership of the land from which the coal was mined and removed indicates his close proximity to the mine, and his ample opportunity to observe its operation, with which according to the allegations of the pleadings he appears to be thoroughly familiar, to examine the interior of the mine and its mined out sections, and to inspect and check the records of railroad weights of the coal shipped by rail and the records of the operators of the trucks which hauled and delivered coal that was not shipped by rail.

The statements in the majority opinion of the allegations of the original, amended and supplemental bills of complaint merely show that the defendants made only

a "few reports" to the plaintiff of the coal mined and that the defendants did not furnish this information monthly to the plaintiff. There is no allegation in the pleadings that the plaintiff requested and the defendants refused to make the monthly reports required by the lease, or that the defendants concealed any information concerning the tonnage mined, or that the merchantable coal which the defendants failed to remove has been lost to the plaintiff, or that damage in any amount has been sustained by the plaintiff as a result of the cessation of operations by them or their failure to mine a substantial amount of merchantable coal while the mine was being operated. There is no allegation in any of the pleadings that the plaintiff could not, by the exercise of ordinary diligence, ascertain from sources other than the defendants, sufficient information concerning the quantity of coal mined and the amount which the defendants owe and have failed to pay for such coal, or that the defendants prevented him from obtaining any such pertinent, material or necessary information concerning those matters.

From the allegations of the original, amended and supplemental bills of complaint it is manifest that the claim of the plaintiff for the coal mined and not reported by the defendants is neither mutual nor complicated but is instead unilateral and simple. The meager facts alleged do not support the quoted allegations of conclusions and these insufficiencies and the failure to allege facts essential to support the conclusion that the plaintiff does not have an adequate remedy at law not only fail to sustain but completely refute the contention that equity has jurisdiction to entertain and settle any account between the plaintiff and the defendants resulting from the failure of the defendants to report the exact tonnage mined or their failure to mine merchantable coal available for that purpose or their failure to pay for all the coal that has been mined or removed. The royalty for the coal mined is definitely fixed at fifteen cents per ton by the terms of the lease, and in an action at law the plaintiff could ascertain as readily as in a suit in equity,

and without discovery, the quantity of coal mined by proper inquiry and investigation and, by mathematical calculation, could correctly determine the exact amount of his claim.

The absence of sufficient and necessary allegations of fact to justify a discovery and an accounting in a court of equity of the claim of the plaintiff for unpaid royalty for the coal mined by the defendants can not be supplied or cured, as the majority attempts to do, by resorting to the numerous allegations which relate to the breach of covenants and conditions of the lease by the defendants. Those allegations are directed to and were intended to form the basis of the claim of the plaintiff that he is entitled to a forfeiture of the lease, which the majority correctly denied, and they can not be considered in conjunction with the allegations relating to discovery and accounting in the futile effort to bolster or render sufficient the fatally defective and plainly insufficient allegations on which the plaintiff seeks a discovery and an accounting in this suit.

Not only are the allegations of the original, amended and supplemental bills of complaint, on which the majority bases its decision to permit a discovery and an accounting in this case, totally insufficient for that purpose, but the cases cited and relied upon in the majority opinion do not support or warrant its decision on that issue. To justify its conclusion that the plaintiff is entitled to a discovery and an accounting in this suit the majority cites *Belcher* v. *Big Four Coal and Coke Company*, 68 W. Va. 716, 70 S. E. 712; *Blue* v. *Hazel-Atlas Glass Company*, 93 W. Va. 717, 117 S. E. 612; *Fredeking* v. *Grimmett*, 140 W. Va. 745, 86 S. E. 2d 554; *Hays* v. *Bowser*, 110 W. Va. 323, 158 S. E. 169; *State* v. *Rodgers*, 138 W. Va. 562, 76 S. E. 2d 690; *Dudley* v. *Niswander*, 65 W. Va. 461, 64 S. E. 745; *and Dankmer* v. *City Ice and Fuel Company*, 111 W. Va. 676, 163 S. E. 430. The facts alleged or established in each of those cases clearly distinguish them from the case at bar and the holding in each of those cases, instead of sustaining the conclusion

of the majority, constitutes express authority to the contrary.

Point 1 of the syllabus in *Belcher* v. *Big Four Coal and Coke Company*, 68 W. Va. 716, 70 S. E. 712, quoted in part in the majority opinion, is in these words: "Equity has jurisdiction of a suit for an accounting, when there is a privity of contract between the parties, even though the accounts be all on one side, when the bill *prays for a discovery and alleges facts which show that a discovery is essential to the establishment of plaintiff's rights.*" (Emphasis supplied). In that case the plaintiff asserted separate claims against three different defendants and as indicated in the syllabus the bill of complaint alleged facts which showed that a discovery was essential to the establishment of the rights of the plaintiff. No such allegations exist in the pleadings in the case at bar.

In *Blue* v. *Hazel-Atlas Glass Company*, 93 W. Va. 717, 117 S. E. 612, the account was for royalties claimed by the plaintiff to be owing by the defendant by reason of the use by it for many years of a glass ware manufacturing machine owned and patented by the plaintiff. As stated in point 5 of the syllabus the bill of complaint alleged that the plaintiff did not know when the defendant began to use the machine, or how long it had used it, or the quantity of the ware manufactured by it, and that a discovery of all those matters was indispensable to the relief sought by the plaintiff. The allegations in the pleadings in the case at bar state no facts which show that a discovery is indispensable to the relief sought by the plaintiff, and for that reason they do not satisfy the requirement for a discovery prescribed by the *Blue* case.

In *Fredeking* v. *Grimmett*, 140 W. Va. 745, 86 S. E. 2d 554, the claim of the plaintiffs consisted of a unilateral account for rent which had accrued under a written lease during a period of approximately eight years and involved the ascertainment of quantities of gasoline sold and delivered by different defendants. The record in that case, unlike the pleadings in the case at bar, dis-

closed facts which showed that a discovery was necessary to enable the plaintiffs to establish their claim.

In *Hays* v. *Bowser*, 110 W. Va. 323, 158 S. E. 169, in which the plaintiffs sought cancellation of oil and gas leases and an accounting for the gas taken by the defendant from land owned by the plaintiffs the opinion contains these statements: "Equity may entertain a bill on behalf of the owner of property against one entrusted with its operation, *when a discovery is needed by the owner and he is entitled to an account."*, and that "The plaintiffs have shown clearly that a discovery of the quantity of gas marketed by defendant from their (two) wells is material to their suit, and that they are entitled to an accounting for the gas." (Emphasis supplied). In the case at bar no such showing is made by the allegations of the original, amended and supplemental bills of complaint.

In *State* v. *Rodgers*, 138 W. Va. 562, 76 S. E. 2d 690, the opinion contains these statements: "Though equity has jurisdiction upon one ground, a court of equity should give complete relief even 'in matters as to which, considered alone, it would not have jurisdiction.' *Bell* v. *Gas Co.*, 116 W. Va. 280, 181 S. E. 609. The foregoing rule is qualified to the effect that facts must be alleged in the pleadings and established by proof, i.e., rightfully invoked before the rule is applicable. *Perkins* v. *Hall*, 123 W. Va. 707, 720, 17 S. E. 2d 795."

In *Dudley* v. *Niswander*, 65 W. Va. 461, 64 S. E. 745, the bill of complaint alleged facts which showed the indispenability of a discovery to enable the plaintiff to establish a complicated account, and in point 1 of the syllabus, this Court said: "Equity has jurisdiction of a bill seeking to substitute an equitable for a legal forum when there is prayer for discovery and there are averments showing the indispensability thereof." As already pointed out there are no such allegations in the pleadings filed by the plaintiff in the case at bar.

In *Dankmer* v. *City Ice and Fuel Company*, 111 W. Va.

676, 163 S. E. 430, in which the account involved was complicated and not, like here, a simple unilateral account, the opinion contains this language: "The lower court took the view, as appears from its order, that the law affords the plaintiff adequate remedy for his demands. This view would be correct if his only demand was for an accounting on a simple account. But here his allegations (which must be taken as true on demurrer) show complications, which can be more deliberately and much better solved by a chancellor or his commissioner than by a jury. * * *. Plaintiff also calls for a discovery of the water used by defendant from his wells. This discovery is essential to his relief, and constitutes another ground for equity jurisdiction." This quotation makes clear that the pleadings in that case, unlike those in the case at bar, alleged facts which showed a complicated account and that a discovery was essential to the relief sought by the plaintiff.

Reference to each of the foregoing cases indicates clearly that a pleading in a suit in equity for an accounting must aver facts, as distinguished from conclusions, which are sufficient to confer jurisdiction upon a court of equity to settle an account between the parties and to entitle the plaintiff to a discovery, and that the requirements for a discovery and an accounting in equity, imposed by those cases are not even remotely satisfied by the allegations of the original, amended and supplemental bills of complaint of the plaintiff in this suit.

In 1 Michie's Jurisprudence, Accounts and Accounting, Section 13, the text contains this statement: "But mere general averments in the bill that adequate relief can be obtained only in a court of equity, without allegation of facts showing discovery is necessary, or complexity or intricacy of mutual accounts, which a court of law could not properly adjudicate, will not be sufficient to confer equity jurisdiction, and a demurrer to the bill should be sustained." Proper application of this principle to the original, amended and supplemental bills of complaint filed by the plaintiff in this suit should require

affirmance of the action of the circuit court in sustaining demurrers to those pleadings.

In *Croft Land Company* v. *Royal Block Coal Company*, 87 W. Va. 570, 105 S. E. 799, this Court held in point 1 of the syllabus: "The general rule is that courts of equity will take jurisdiction of suits for the settlement of accounts where the accounts are mutual, extending over a long period of time, intricate and complicated; but where the bill shows that the specific accounts can be fairly determined in a court of law, and discovery is unnecessary, mere general averments in the bill that adequate relief can be obtained only in a court of equity, without allegation of facts sufficient for discovery, or facts showing discovery is necessary, or complexity or intricacy of mutual accounts, which a court of law could not properly adjudicate, will not be sufficient to confer equity jurisdiction and a demurrer to the bill should be sustained." In the opinion this language appears:

"Equity jurisdiction in this state for the settlement of accounts is not clearly defined. No precise rule can be laid down which would govern each particular case, and it may be safely affirmed that a court of equity can not take cognizance of every transaction between individuals in which an account between them is to be adjusted. *Fowle* v. *Lawrason*, 5 Peters 495; *Lafever* v. *Billmeyer et al.*, 5 W. Va. 33; *County Court* v. *Cottle*, 81 W. Va. 475. The rule is generally stated that equity will take jurisdiction: (1) Where there are mutual demands and, a fortiori, when complicated; (2) when the accounts are on one side, and a discovery is sought that is material to relief; (3) equity, having taken jurisdiction for discovery, to avoid multiplicity of suits, will administer suitable relief. Equity will decline jurisdiction: (1) Where the demands are all on one side and no discovery is claimed or is necessary; (2) where on one side there are demands and on the other mere payments or sets off and no discovery is sought or required. 'While these propositions are in the main generally correct, still they do not embrace all the cases as to matters of account,

in which equity should not take jurisdiction. It seems that no general rule embracing all cases as to matters of account, in which equity will or will not take jurisdiction, can with propriety be safely laid down.' *Petty* v. *Fogle,* 16 W. Va. 497; *White* v. *Cook,* 51 W. Va. 219." See also *Fredeking* v. *Grimmett,* 140 W. Va. 745, 86 S. E. 2d 554; *Rothwell* v. *Brice,* 94 W. Va. 466, 119 S. E. 293; *Petty* v. *Fogle,* 16 W. Va. 497; *Lafever* v. *Billmeyer,* 5 W. Va. 33.

In *Van Dorn* v. *Lewis County Court,* 38 W. Va. 267, 18 S. E. 579, this Court said in the syllabus: "Where the specific facts stated in a bill in equity, notwithstanding vague and general allegations as to equitable jurisdiction, show that there is a plain adequate legal remedy as to matters in dispute, the demurrer to such bill should be sustained, and the plaintiff remitted to his legal remedy." See *Peterson* v. *Smith,* 75 W. Va. 553, 84 S. E. 250; *Grafton* v. *Reed,* 26 W. Va. 437.

The account of the plaintiff for the tonnage mined and removed by the defendants is not a mutual or complicated account but instead is merely a simple unilateral account. The original, amended and supplemental bills of complaint do not allege facts which show that a discovery is either material or necessary to the relief sought or which entitle the plaintiff to a discovery. They contain only vague and general allegations that a court of equity has jurisdiction to settle the account and grant discovery to enable the plaintiff to establish his claim. Instead of alleging sufficient facts to entitle the plaintiff to a discovery and an accounting in equity the original, amended and supplemental bills of complaint indicate clearly that the plaintiff has a plain adequate legal remedy which affords him a fair and reasonable opportunity to establish his account, and that a court of equity is without jurisdiction to settle the account of the plaintiff. In short, the allegations of the pleadings filed by the plaintiff show that a court of equity is without jurisdiction to settle the account between the plaintiff and the defendants in this suit.

For the reasons stated and upon the authority of the cases cited and quoted from in this opinion I dissent from the conclusion of the majority of this Court that the plaintiff is entitled to a discovery and an accounting and I would affirm the action of the circuit court in sustaining the demurrers to the original, amended and supplemental bills of complaint and in dismissing this suit.

Judge Browning concurs in the views expressed in this dissenting opinion.